IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SMITH, #R74788, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–2150−NJR |
| | ) |
| HOPPER, | ) |
| DEWEESE, | ) |
| GOINS, | ) |
| KINK, | ) |
| JOHN/JANE DOE PLACEMENT | ) |
| OFFICER, and | ) |
| FREEMAN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Michael Smith, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, brings this action seeking damages for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Lawrence Correctional Center. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: another inmate threatened Plaintiff with violence on June 2, 2018. (Doc. 1, p. 6). Plaintiff reported the threats to Hopper on June 3, 2018, contacted the John/Jane Doe Placement Officer, and complained to Hopper and DeWeese again on June 4, 2018. *Id*. No one responded or took his complaints seriously. *Id*. Plaintiff wrote grievances and kites to Goins and Kink, and even spoke to Kink in person, but they took no action. *Id*. Hooper witnessed the inmate in question threaten Plaintiff on June 8, 2018, and again took no action. *Id*. Later that day, the inmate attacked Plaintiff; he received staples as a result. *Id*. At the time of the attack, Freeman failed to enforce the rule forbidding inmates from leaving their tables. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

2

**Count 1 –** Hopper, DeWeese, Goins, Kink, John/Jane Doe Placement Officer, and Freeman failed to protect Plaintiff from the serious threat posed by another inmate in violation of the Eighth Amendment.

In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the defendants acted with "deliberate indifference" to that danger. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Here, Plaintiff reported the threat posed by the other inmate to numerous prison officials and none of them acted prior to that inmate attacking Plaintiff. This is a sufficient allegation of deliberate indifferent to survive § 1915A review. Accordingly, Count 1 will proceed against all defendants.

**Identification of Unknown Defendant**

Plaintiff shall be allowed to proceed with Count 1 against John/Jane Doe Placement Officer, but this defendant must be identified with particularity before service of the Complaint can be made on him. Plaintiff will have an opportunity to engage in limited discovery to ascertain the identity of this individual. *Rodriguez*, 577 F.3d at 832. The Warden of Lawrence Correctional Center will be added as a defendant, in his or her official capacity only, for purposes of responding to discovery aimed at identifying this individual. *See* FED. R. CIV. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the name of Defendant John/Jane Doe Placement Officer is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[1] Plaintiff discloses four unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has very little education. Nonetheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

Finally, Plaintiff's Motion for Service of Process at Government Expense (Doc. 4), is **DENIED** as moot, as this order directs service of process.

### Disposition

The Clerk of the Court is **DIRECTED** to **ADD** the Warden of Lawrence Correctional Center (official capacity only), in order to respond to discovery aimed at identifying John/Jane Doe Placement Officer with particularity.

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Defendants Hopper, DeWeese, Goins, Kink, John/Jane Doe Placement Officer, and Freeman. Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. Plaintiff's Motion for Service at Government Expense (Doc. 4) is **DENIED as moot**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Hopper, DeWeese, Goins, Kink, Freeman, and Warden of Lawrence Correctional Center (official capacity only):

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

(1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the unknown defendant (John/Jane Doe Placement Officer) until such time as Plaintiff has identified him or her by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 30, 2019**

                                                                                                     _____
                                                                                                     **NANCY J. ROSENSTENGEL**
                                                                                                     **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**